UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. CARLO EUGENIO AMATO, : | |
| Petitioner : | CIVIL ACTION NO. 3:21-0865 |
| v. : | (JUDGE MANNION) |
| R. THOMPSON, WARDEN, : | |
| Respondent : | |

**MEMORANDUM**

Dr. Carlo Eugenio Amato, an inmate currently confined in the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). Amato "seeks an award on his Ocean County Jail time of 374 days towards his federal time of 60 months so that the concurrency of the sentences may proceed." (Doc. 1-1 at 9). Additionally, Amato "requests the Court to compel the Federal Bureau of Prisons (BOP) to designate *nunc pro tunc* the state facility, Ocean County Jail (state detention center) in which Amato was held from December 11, 2017 thru December 21, 2018, while denied federal bail, thus giving him credit of 374 days toward his federal sentence to run fully concurrent." Id.

A response was filed on September 17, 2021. (Doc. 16). Although Petitioner was provided an opportunity to file a traverse, none was filed. For

the reasons that follow, the Court will dismiss the petition for writ of habeas corpus for Petitioner's failure to exhaust administrative remedies.

I. **Background**

On December 12, 2017, Amato was arrested by state authorities in Ocean County, New Jersey, on charges of Financial Facilitation of Criminal Activity in case number 17-10-01560, Theft by Deception in case number 18-04-00631, and a bond violation and charges of Health Care Fraud, Theft by Deception, and Possession of a Controlled Dangerous Substance in case number 17-01-00142. (Doc. 16-1 at 13, BOP Classification and Computation).

On September 20, 2018, the United States District Court for the District of New Jersey issued an Order of Detention in Criminal No. 3:18-CR-00561-MAS-1 to have Amato detained without bail. (Doc. 16-1 at 14, Detention Order). Based on the Court's Order, the United States Marshals Service ("USMS") lodged a detainer with New Jersey state authorities for charges of tax evasion pending against Amato in federal court. (Doc. 16-1 at 16, USM-129, Individual Custody/Detention Report).

On December 14, 2018 Amato was granted release on bond, on his own recognizance ("ROR"), in New Jersey state case number 17-01-00142. (Doc.

16-1 at 18, Bail Order). Amato remained in state custody for case numbers 17-10-01560, 18-04-00631, and 17-004252, but on December 19, 2018, was granted ROR bond for these pending charges as well and held for the federal detainer. (Doc. 16-1 at 22, Bail Order).

On December 21, 2018, Amato was released to the USMS, pursuant to the federal detainer lodged in Crim. No. 3:18-CR-00561-MAS-1, bringing him into the primary jurisdiction of federal authorities. (Doc. 16-1 at 16).

On May 7, 2019, Amato was sentenced by the United States District Court for the District of New Jersey to a sixty-month term of imprisonment for Attempting to Evade or Defeat Tax in violation of 26 U.S.C. §7201, and crimes involving Records and Reports on Foreign Financial Agency Transactions, in violation of 31 U.S.C. §§5314, 5322(b) and 18 U.S.C. §2. (Doc. 16-1 at 28, Judgment in a Criminal Case in Crim. No. 3:18-CR-00561-MAS-1). The sentencing court was silent as to how the federal sentence would run in relationship to the state sentence. Id.

On May 9, 2019, Amato was sentenced by the Superior Court of New Jersey, Ocean County, in case number 17-10-01560 for Money Laundering and in case number 18-04-00631 for Theft by Deception. (Doc. 16-1 at 36-43, Judgment of Conviction & Order for Commitment in No. 17-10-01560;

Judgment of Conviction & Order for Commitment in No. 18-04-00631). In case number 17-10-01560, Amato was sentenced to a 10-year term of imprisonment with 511 days of jail credit from December 12, 2017 (the date of his arrest by state authorities), through May 6, 2019 (the day before he was sentenced in federal court), to run concurrent to the federal sentence. Id. The remaining fourteen counts of the indictment were dismissed. Id.

In case number 18-04-00631, Amato was sentenced by the New Jersey Superior Court to a five-year term of imprisonment, also with the same 511 days of jail credit, to run concurrent to the federal sentence, but consecutive to Case No. 17-10-01560. Id. The remaining counts were dismissed. Id. Additionally, on the same day, the court dismissed the two remaining New Jersey state cases, numbers 17-004252 and 17-01-00142, which were pending against Amato. (Doc. 16-1 at 19, 25, Judgments of Dismissal).

On July 10, 2019, the New Jersey state court issued an amended judgment removing the 511 days of jail credit in No. 18-04-00631. (Doc. 16-1 at 44, Amendment to Jail Credits). The remainder of the original judgment was ordered to "remain[] the same and in full force and effect." Id. The New Jersey state court did not amend the judgment to remove the 511 days of jail credit in No. 17-10-01560.

The BOP has prepared a sentence computation for Amato based on the 60-month federal term of imprisonment imposed in Crim. No. 3:18-cr-00561. (Doc. 16-1 at 10, Sentence Monitoring Computation Data). The sentence has been calculated as commencing on May 7, 2019, the date of imposition. Id. Since the federal court was silent as to how Amato's federal sentence would run with his forthcoming New Jersey state sentences, the BOP computed the silence as meaning the sentences are to run consecutively. (Doc. 16-1 at 3, Declaration of Matthew Lavelle, BOP Senior Attorney at ¶10).

The BOP has awarded Amato with jail credit from December 20, 2018 (the day his custody changed from state custody to primary federal custody as a result of his release on bond) through May 6, 2019 (the day before the federal sentence was imposed), for a total of 339 days. (Doc. 16-1 at 53, Public Information Inmate Data). He is projected to earn 270 days of good conduct time and is currently scheduled to release from BOP custody, via good conduct time release, on March 25, 2023. Id.

Since Amato's ten-year and five-year state sentences were ordered to run concurrently to his 60-month federal term, the federal sentence was reviewed for "Willis" and "Kayfez" credit. (Doc. 16-1 at 51, Willis/Kayfez

Calculation Worksheet). It was determined that Amato was not entitled to such credit. Id. It was further determined that Amato was not eligible for a *nunc pro tunc* designation of the New Jersey county prison as a place to serve his federal sentence because he was already in exclusive federal custody when his federal sentence was imposed on May 7, 2019. Id.

A review of Petitioner's administrative remedies reveals that Petitioner filed eight administrative remedies while confined in BOP custody. (Doc. 16-1 at 56-60). Only two of these remedies were appealed to final review before the Central Office. Id. Administrative Remedy No. 1064331-A1 was rejected by the Central Office because Amato had submitted his appeal prior to receiving a response from the Regional Office and before the deadline for the Regional Office to respond had expired. Id. Administrative Remedy No. 1064331-A2 was rejected as untimely and for failure to include a copy of the Regional Office's response. Id. No further administrative remedies have been filed. Id.

## II.   Discussion

Respondent argues that the petition should be denied based on Amato's failure to exhaust his administrative remedies prior to seeking review in federal

court. Despite the absence of a statutory exhaustion requirement attached to §2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under §2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Significantly, exhaustion is not required where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).  See also, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (concluding exhaustion is not required where petitioner demonstrates futility); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (finding that exhaustion is not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. The system first requires that an inmate present their complaint to staff before filing a request for administrative review, which staff shall attempt to informally resolve. 28 C.F.R. §542.13(a). If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden on the appropriate BP-9 form within twenty calendar days of the date on which the basis of the complaint occurred. 28 C.F.R. §542.14(a). If the inmate is dissatisfied with the Warden's response, he may file an appeal on a BP-10 form to the Regional Director within twenty calendar days. 28 C.F.R. §542.15(a). The Regional Director has thirty calendar days to respond. 28 C.F.R. §542.18. If the inmate is dissatisfied with the Regional Director's response, that decision may be appealed on a BP-11 form to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response. 28 C.F.R. §542.15(a). This is the inmate's final available administrative appeal. The General Counsel has forty calendar days to respond. 28 C.F.R. §542.18. No request for administrative review is considered fully exhausted until pursued through all levels. 28 C.F.R. §542.15(a)). Importantly, when challenging a disciplinary hearing decision, an inmate can bypass the institutional level of review and

file a direct written appeal using the appropriate BP-10 form to the BOP's Regional Director within twenty days after receiving the DHO's written report. 28 C.F.R. §542.14(d)(2).

Amato's March 10, 2021 appeal at Administrative Remedy No. 1064331-A1 was rejected with the notation that the "[a]ppeal was accepted by Region with a response date of April 9, 2021," and with the instruction to "[r]esubmit once you receive the response or after April 9, 2021." (Doc. 16-1 at 60). Petitioner's second attempt to appeal Administrative Remedy No. 1064331-A2 was rejected on May 14, 2021 as untimely and failed to include a copy of the Regional Office's response. Id. Rather than attempt to cure the deficiencies of the Central Office level appeal, Amato took no further action with regard to his appeal. Petitioner does not refute this.

The record clearly demonstrates that he failed to fully and properly exhaust his administrative remedies. Even though afforded an opportunity to cure his deficiencies, and provided with specific instructions to achieve success, he failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004).

Further, he does not demonstrate futility by identifying BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would subject him to irreparable injury. Because Amato has not alleged facts that would permit a finding that exhaustion would have been futile, or that requiring exhaustion would subject him to irreparable injury, the petition will be denied for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing him to invoke the judicial process despite failing to complete administrative review.

### III.  Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 is dismissed without prejudice for Petitioner's failure to exhaust administrative remedies.

A separate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED:   December 17, 2021**
21-0865-01