UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. CARLO EUGENIO AMATO, : | CIVIL ACTION NO. 3:21-0865 |
| Petitioner : | |
| v. : | (JUDGE MANNION) |
| R. THOMPSON, WARDEN, : | |
| Respondent : | |

**MEMORANDUM**

**I. Background**

Dr. Carlo Eugenio Amato, an inmate currently confined in the Danbury Low Security Federal Correctional Institution, Danbury, Connecticut, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1). Amato "seeks an award on his Ocean County Jail time of 374 days towards his federal time of 60 months so that the concurrency of the sentences may proceed." (Doc. 1-1 at 9). Additionally, Amato "requests the Court to compel the Federal Bureau of Prisons (BOP) to designate *nunc pro tunc* the state facility, Ocean County Jail (state detention center) in which Amato was held from December 11, 2017 thru December 21, 2018, while denied federal bail, thus giving him credit of 374 days toward his federal sentence to run fully concurrent." Id.

A response was filed on September 17, 2021. (Doc. 16). Although Petitioner was provided an opportunity to file a traverse, none was filed.

By Memorandum and Order dated December 17, 2021, the Court dismissed the petition for writ of habeas corpus for Petitioner's failure to exhaust administrative remedies. (Doc. 18, 19).

Presently before the Court is Amato's motion for reconsideration of this Court's December 17, 2021 Memorandum and Order, dismissing the above captioned petition for writ of habeas corpus for Petitioner's failure to exhaust administrative remedies prior to filing the instant action. (Doc. 15). For the reasons that follow, the Court will deny the Petitioner's motion for reconsideration.

## II. Discussion

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability

of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." Gray v. Wakefield, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'."). "Because federal courts have a strong interest in

the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of this Court's Memorandum and Order reveals that the Court found Petitioner failed to exhaust administrative remedies based on the following:

> Amato's March 10, 2021 appeal at Administrative Remedy No. 1064331-A1 was rejected with the notation that the "[a]ppeal was accepted by Region with a response date of April 9, 2021," and with the instruction to "[r]esubmit once you receive the response or after April 9, 2021." (Doc. 16-1 at 60). Petitioner's second attempt to appeal Administrative Remedy No. 1064331-A2 was rejected on May 14, 2021 as untimely and failed to include a copy of the Regional Office's response. Id. Rather than attempt to cure the deficiencies of the Central Office level appeal, Amato took no further action with regard to his appeal. Petitioner does not refute this.
>
> The record clearly demonstrates that he failed to fully and properly exhaust his administrative remedies. Even though afforded an opportunity to cure his deficiencies, and provided with specific instructions to achieve success, he failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004).
>
> Further, he does not demonstrate futility by identifying BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would subject him to irreparable injury. Because Amato

> has not alleged facts that would permit a finding that exhaustion would have been futile, or that requiring exhaustion would subject him to irreparable injury, the petition will be denied for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing him to invoke the judicial process despite failing to complete administrative review.

(Doc. 18 at 9,10).

Petitioner now files a motion for reconsideration, claiming that this Court mailed documents to him at the wrong address and that he should be exempt from having to exhaust his administrative remedies because the remedy process is "unfulfillable, futile and out of the hands of the prisoner during COVID 19." (Doc. 24). For relief, Amato requests that the Court: (1) correct his address to reflect that he is housed at FCI-Danbury; (2) excuse his failure to exhaust; (3) award him 374 concurrent days of jail credit for state and federal crimes arising out of the same criminal act; and (4) order his immediate release. Id.

As to Petitioner's first claim for relief that this Court's December 17, 2021 Memorandum and Order was mailed to the wrong address, the Court notes that such a claim for relief has no impact on the substance of this Court's December 17, 2021 Memorandum and Order. Moreover, by letter dated May 12, 2021, Petitioner was informed of his affirmative obligation to keep the

Court informed of his current address, and if Petitioner's address changed while his lawsuit is being litigated, the Petitioner, "shall immediately" inform the Court of the change in writing. (Doc. 2). A review of the docket in the above captioned action reveals that no formal address change was ever filed by Petitioner. To the extent that Petitioner seeks to have his address changed via his motion for reconsideration, the Clerk of Court will be directed to amend Petitioner's current address to reflect FCI-Danbury as his current place of confinement.

Petitioner requests this Court excuse exhaustion based on the claim that the "BOP remedy administration is the wrong doer, while mishandling the remedy submission, resulting in an unfulfillable process, encompassing the idea that 'He who seeks equity must do equity," and that the "BOP seeks to invoke a defense of prejudice to bar Amato's petition since BOP claims Amato failed to complete the required remedy process," which Petitioner belief "is not logical" and that the BOP has "caused the blunder to obtain the relief." (Doc. 24 at 7).

In support of his argument, Petitioner submits the March 26, 2021 Central Office Rejection Notice, informing Petitioner that his March 10, 2021 appeal to the Central Office was prematurely filed, as the appeal to the

Regional office was accepted "with a response date of 4-9-21," and that Petitioner should "resubmit once [he] receive[d] the response or after April 9, 2021". (Doc. 24-11). On April 16, 2021, the Regional Director denied Petitioner's Administrative Remedy Appeal No. 1064332-R1. (Doc. 24-12). By Rejection Notice dated May 14, 2021, the Central Office rejected Petitioner's April 29, 2021 appeal from the Regional Director, stating that the appeal was untimely, and that Petitioner did not provide a copy of the Regional Office Administrative Remedy Appeal or a copy of the Regional Director's Response. (Doc. 24-13).

The Court notes that all of these documents were before the Court for consideration in determining to dismiss Petitioner's habeas corpus petition for failing to exhaust.

While Petitioner "begs the court leeway," arguing that "what the BOP requires from the incarcerated" is "sardonic," (Doc. 24), Petitioner's argument, and evidence in support of his motion for reconsideration, does not change the fact that Petitioner failed to properly exhaust his administrative remedies prior to filing this federal habeas corpus action. In fact, Petitioner's evidence reinforces the fact that he prematurely filed the instant action May 12, 2021, two days prior to having received the Central Office's May 14, 2021 rejection

notice of Administrative Remedy No. 1064331-A2. Thus, the Court finds that its Memorandum and Order of December 17, 2021, is not troubled by manifest errors of law or fact and Plaintiff has not presented anything new, which if previously presented, might have affected our decision. Petitioner has failed to exhaust administrative remedies prior to filing the instant action. See Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002) (confirming that an inmate must complete exhaustion before filing suit).

### III.  Conclusion

For the foregoing reasons, Petitioner's motion for reconsideration will be denied.

A separate Order will issue.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: August 9, 2022**
21-0865-02